**Willie L. GAINES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18589.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 21, 1964.

Decided June 16, 1965.

Petition for Rehearing Denied Sept. 8, 1965.

---

Mr. Denis K. Lane, Washington, D. C., for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Barry Sidman, Asst. U. S. Atty., and Henry H. Jones, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

PER CURIAM. .

Appellant was indicted and tried for first degree murder and also for carrying a dangerous weapon. He was found guilty of manslaughter and of carrying a dangerous weapon. His sentence is five to fifteen years for manslaughter and one concurrent year for carrying a dangerous weapon.

After a quarrel in the yard of the premises where the homicide occurred, deceased, who had drawn a knife on defendant in the yard, entered the house. He was followed there by defendant who, shortly after entering, shot deceased with a pistol at least three times, killing him.

We find no ground for reversal. Of the grounds advanced or noticed by us we discuss two.

It is argued that it was error for the trial court to submit the question of first degree murder to the jury. It is said the evidence was insufficient to support a verdict of that crime and, therefore, its submission to the jury tended to lead to a compromise verdict whereas, except for such submission the claim of self-defense might have been sustained. With this contention in mind we have examined the evidence and conclude that the manslaughter conviction cannot be attributed to submission to the jury of the issue of the more serious offense. The court cautioned the jury in a manner

which indicated doubt that a verdict of first degree murder would be warranted, and defendant's counsel raised no objection to the instruction. We have no reason to differ with trial counsel.

■■ The prosecution, claiming surprise, examined two of its own witnesses on the basis of prior statements which gave a version of the events more unfavorable to defendant than their trial testimony. The court permitted their prior statements to be read to the witnesses in the hearing of the jury. The court's theory was that the statements could be used to refresh the witnesses' recollection. The court carefully instructed the jury that the statements were not evidence of the truth of their contents.

It was error to permit the jury to hear these statements. To refresh the witnesses' recollection it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary. See Young v. United States, 94 U.S.App.D.C. 62, 214 F.2d 232. *Cf.* Robinson v. United States, 113 U.S.App.D.C. 372, 376, 308 F.2d 327, 331, cert. denied, 374 U.S. 836, 83 S.Ct. 1887, 10 L.Ed.2d 1058. However, upon consideration of the statements and comparing them with the witnesses' trial testimony in the context of the case as a whole, including the repeated instructions of the court as to the limited purpose of the statements, the error is not serious enough to warrant reversal, in contrast with the situation which led to a different result in *Young*. We add that there was no objection made at trial to the statements being read aloud nor to the court's theory in allowing them to be used.

Affirmed.

BAZELON, Chief Judge (concurring):

I agree fully with the court's opinion, and comment only on a matter not discussed therein. In first degree murder cases, a jury finding a verdict of guilty is given by statute three choices in the matter of penalty. It may impose the death penalty or life imprisonment, by unanimous vote. Or, if it is unable to agree as to penalty, it may report that fact to the trial judge, who is then to impose sentence. D.C.Code § 22–2404. Here the trial judge instructed the jury on sentencing as follows:

Now before leaving murder in the first degree I want to say to you that the punishment of murder in the first degree is death by electrocution unless the jury by unanimous vote recommends life imprisonment. Consequently, if you should find the defendant guilty of murder in the first degree and you do not add any recommendation, it will be mandatory on the Court to sentence the defendant to capital punishment. However, if you add a unanimous recommendation to your verdict that the defendant be punished by life imprisonment, then it would be the duty of the Court to sentence the defendant to life imprisonment. Such a recommendation must be made by unanimous vote. If the jury is not unanimous on the question as to whether such a recommendation should be made, the jury must so inform the Court.

At the conclusion of the charge, the following transpired:

MR. SIDMAN [Assistant United States Attorney]: * * * I may not have heard one part of Your Honor's instructions, but may I inquire whether the Court advised the jury that in the event they are not unanimous as to punishment, that it then becomes the duty of the Court in the Court's discretion—

THE COURT: I do not advise them that. I invariably don't do that.

MR. SIDMAN: I see.

THE COURT: For a very good reason. I had it in mind, but I omit that. I know one or two judges do otherwise, but it is not done in Courtroom No. 12.

There can be no "very good reason," and none is suggested, for a policy of ignoring a statutory mandate or misstating the law. But in the particular circumstances of this case, the effect was not prejudicial to the defense.