Charles Luther YORK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20389.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1968.

Richard Romano (argued), San Francisco, Cal., for appellant.

William B. Shubb (argued), Sp. Asst. to U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge:

This is an appeal from a judgment of conviction of the robbery of the Bank of American National Trust and Savings Association at Chester, California, in violation of 18 U.S.C. § 2113(a) and (d).

The robbery occurred on August 16, 1960. Appellant was identified as one of the two robbers at a lineup held in March 1961. He was indicted May 4, 1962. Counsel was appointed on March 13, 1963, and appellant was arraigned and pleaded not guilty on March 19, 1963. Two trials,

the first commencing September 30, 1963, and the second December 9, 1963, ended in mistrials. The trial resulting in appellant's conviction began April 20, 1964.

Appellant contends that the twenty-three month delay between the lineup and the appointment of counsel and arraignment * constituted a denial of his Sixth Amendment rights to speedy trial and representation by counsel, and his Fifth Amendment right to due process.

At his arraignment appellant apparently moved to dismiss the indictment under Rule 48(b). The record contains a memorandum and order of the district court, filed March 25, 1963, denying the motion. From this memorandum it appears that appellant complained only of the delay of ten months between indictment and arraignment. The court's memorandum distinguished situations in which the delay complained of occurred prior to the commencement of criminal proceedings. The court noted that appellant had not sought an earlier trial, that he had been in custody as a state prisoner (and hence was not bailable), and that "it is clear to the court that he has not been prejudiced by such delay as heretofore occurred." The court concluded that "the delay heretofore suffered by defendant has not been unreasonable," and that therefore the motion should be denied.

■ There is nothing in the record, beyond this, reflecting the showing made by appellant or the government by affidavits or otherwise with respect to the limited issue presented by appellant's Rule 48(b) motion. Obviously we cannot hold on this record that denial of the motion was an abuse of discretion. Cf. Sanchez v. United States, 341 F.2d 225, 228 (9th Cir. 1965).

■■ So far as the record shows, the broader questions which appellant now tenders were not submitted to the trial court at all. " 'Whether delay * * * amounts to an unconstitutional depriva-tion of rights depends upon the circumstances * * * The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U.S. 354, 361 [77 S.Ct. 481, 1 L.Ed.2d 393]." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). See also Moser v. United States, 381 F.2d 363, 364 (9th Cir. 1967); Mattoon v. Rhay, 313 F.2d 683, 685 (9th Cir. 1963). Appellant's failure to raise the issue in the trial court precluded the factual inquiry necessary to develop the relevant circumstances. There is nothing in the record, aside from the speculations and assertions of counsel, bearing upon the reasons for the delay, how it may have affected appellant's defense, and whether all or part of it was waived by appellant. We cannot say from the record as it now stands that appellant has been deprived of a constitutional right.

■ Appellant contends that it was error for the government to read aloud in the hearing of the jury the testimony of the witness Judith Davis at a prior trial for the avowed purpose of refreshing her recollection. We agree, of course, that government counsel should have handed the transcript to the witness and permitted her to read her prior testimony silently. "It was error to permit the jury to hear these statements. To refresh the witnesses' recollection it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary." Gaines v. United States, 121 U.S.App.D.C. 213, 349 F.2d 190, 191, 192 (1965). Nonetheless, we conclude that the error does not justify reversal in this case. Mrs. Davis's testimony did not vary greatly from her testimony at the earlier trial. Her identification of appellant was almost equally uncertain on both occasions. Five other witnesses identified the appellant positively. The court fully instructed the jury that Mrs. Davis's testimony at the prior trial was read for the sole purpose of refreshing her recollection and was not

---

* Appellant was in state custody serving an unrelated state sentence during all of this period.

to be considered as evidence of the facts stated.

No objection was made to the portions of the prosecuting attorney's closing argument which appellant now contends constituted prejudicial misstatements of the evidence. On the whole record we are confident that appellant's substantial rights were not affected.

Affirmed.