UNITED STATES of America,
Appellee,

v.

Robert Owen BRAY, Appellant.

UNITED STATES of America,
Appellee,

v.

Wayne David DICKINSON, Appellant.

UNITED STATES of America,
Appellee,

v.

Michael Allen HUBER, Appellant.

Nos. 25583–25585.

United States Court of Appeals,
Ninth Circuit.

May 17, 1971.

Paul K. Duffy, (argued), Anaheim, Cal., for Bray & Dickinson.

Roswell Bottum (argued), Los Angeles, Cal., for Huber.

Alan D. Sirota, Beverly Hills, Cal., Robert Owen Bray, in pro. per., for appellant.

Robert L. Meyer, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH and ELY, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Robert Owen Bray, Wayne David Dickinson and Michael Allen Huber were jointly tried before a jury and convicted on one count of aiding and abetting Donald Clyde Brewer in smuggling mar-

* Honorable Fred M. Taylor, United States District Judge, Boise, Idaho, sitting by designation.

ihuana into the United States from Mexico, in violation of 21 U.S.C. § 176a, and on one count of aiding and abetting Brewer in facilitating the transportation and concealment of marihuana in the United States, also in violation of 21 U.S.C. § 176a. They prosecuted separate appeals, which we have consolidated for disposition.

## CLAIM OF UNDUE PRE-ARREST DELAY

While appellants were indicted for offenses which occurred on August 19, 1967, they were not arrested until about May 7, 1968. By way of a pre-trial motion, appellants moved to dismiss the indictments on the ground of undue delay in arresting them. The District Court denied the motion.

Our reading of the record from the hearing on the pre-trial motion indicates that the government acted as expeditiously as possible, under the circumstances of the case, in obtaining sufficient evidence to warrant appellants' arrests. Consequently, we hold that appellants were not deprived of due process of law under the Fifth Amendment because of the lapse of time between the date of the offenses and the date of their arrests.[1]

The facts of this case differ materially from those in Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), which appellants Bray and Huber emphasize. Here there was no deliberate delay by customs agents in arresting appellants, since Brewer, the only person apprehended on August 19, 1967, did not implicate appellants until March 6, 1968; conversely, in *Ross,* federal agents intentionally delayed in making the arrest. Also, unlike the federal agent in *Ross,* who had no independent recollection of the offense about which he testified, Brewer testified without notes or prompting as to most of the details of his joint activities with appellants that resulted in his arrest on August 19th.

There is also no evidence of negligence on the part of customs agents investigating Brewer's August 19th smuggling arrest that would support Bray's argument that the period between the date of the offenses for which appellants were indicted and the date of their arrests could reasonably have been shortened. Bray points to the fact that Brewer was arrested while driving a vehicle registered to Bray. This fact, however, did not give customs agents probable cause to arrest Bray, although it did give them reason to question Bray as they did. Also, immediately after his arrest, Brewer concealed the fact that appellants had been involved in the August 19th smuggling activities. Brewer did not finally reveal the fact of appellants' involvement until March 6, 1968.[2] Thus, until that date, customs agents had no sufficient information to warrant either the further investigation of Bray or any investigation of Dickinson and Huber.

Even assuming, *arguendo,* some undue period of pre-arrest delay, we

---

1. In denying relief on the basis of the Fifth Amendment, we are aware of the gloss placed on the speedy trial clause of the Sixth Amendment by Justices Brennan and Marshall in Dickey v. Florida, 398 U.S. 30, 39, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (concurring opinion). Since there was no unavoidable delay on the part of customs agents in making the arrests, appellants would not be entitled to relief under the Brennan and Marshall view of the Sixth Amendment.

There was no violation of Rule 48(b) of the Fed.Rules of Crim.P. since the charges against appellants were promptly presented to the grand jury which returned indictments on May 22, 1968.

2. Brewer, during his testimony at appellants' trial, was unable to remember exactly when he implicated appellants. Customs Agent Donaldson, who had been assigned to the case, testified from his notes that Brewer did not approach him with information about appellants until March 6, 1968. Donaldson also stated that another person, who had been involved in the August 19th smuggling offenses, did not implicate appellants until after March 6, 1968.

would still affirm the District Court's denial of appellants' pre-trial motion, because there is insufficient evidence of prejudice to appellants to justify dismissal of the charges against them. Appellants do not point to specific witnesses or documents that became unavailable before they were arrested; rather, they simply assert generally that the passage of time dimmed their memories and detracted from their ability to testify in detail as to their activities on August 18 and 19.

It is true, as Bray points out, that an important feature of appellants' trial was the credibility of the testimony of the witnesses for both the prosecution and the defense. Brewer placed appellants with him in Tijuana during the night of August 18 and on August 19, until shortly before the time he was arrested. Appellants, however, denied having been anywhere with Brewer in August, 1967, or having been in Mexico at that time. Appellants all testified that Bray had loaned his "work" car to Brewer so Brewer could drive to a surfing championship. Their story was shaken when the prosecution introduced evidence that Bray did not purchase the "work" car until August 18, 1967; on the other hand, the defense attacked Brewer's credibility with evidence of his previous convictions for narcotics offenses.

Implicit in appellants' argument is the assertion that they were prejudiced because the story they offered was not believed by the jury. The prejudice they assert, however, is not sufficient to justify relief under either the Fifth or Sixth Amendments. Estrella v. United States, 429 F.2d 397, 400 (9th Cir. 1970). The fact that the jury did not believe appellants does not show that they were prejudiced by the delay in arresting them, and appellants have not been able to point to specific evidence which was foreclosed to them before they were arrested that would justify the dismissal of the indictments against them.[3]

## CLAIM OF INSUFFICIENCY OF THE EVIDENCE

Both Dickinson and Huber argue that the evidence does not support the jury's finding that they were active participants, as aiders and abettors, in the August 19th smuggling offenses. At their trial, Brewer testified that Huber was the person who invited him to participate in the August 19th smuggling offenses and that Dickinson and Bray procured the marihuana in Tijuana. This testimony, coupled with other evidence of close friendship between appellants and Brewer's testimony as to the general spirit of a joint venture which prevailed on the trip to Tijuana, support the determination of fact made by the jury. Compare Eason v. United States, 281 F.2d 818, 821 (9th Cir. 1960), with Bettis v. United States, 408 F.2d 563, 568 (9th Cir. 1968).[4]

Affirmed as to all appellants.

---

3. After appellants were indicted, several circumstances operated to extend the time necessary to bring them to trial. Appellants made several motions, including motions for continuances, and a successful motion for a change of venue; a lengthy delay was occasioned by a mistrial due to a hung jury. None of the delays which extended the time necessary to bring appellants to trial were the unjustifiable governmental delays associated with violations of the Sixth Amendment.

4. There is no merit to Dickinson's argument that proof that marihuana has not been invoiced at the border is an essential element of the offense of smuggling marihuana under 21 U.S.C. § 176a. See Daut v. United States, 405 F.2d 312, 316 (9th Cir. 1968); Thomas v. United States, 314 F.2d 936 (5th Cir. 1963). In any event, Brewer testified that he made no effort to declare the marihuana when he crossed the border.

Equally without merit is Dickinson's argument that 21 U.S.C. § 176a is unconstitutional under the self-incrimination provision of the Fifth Amendment. United States v. Salazar, 425 F.2d 1284, 1286 (9th Cir. 1970).