Abedon **SAIZ**, Appellant,

v.

Warden Frank **EYMAN**, Appellee.

No. 71–1218.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1971.

Rehearing Denied Oct. 14, 1971.

Daniel R. Salcito, of Tupper & Rapp, Phoenix, Ariz., for appellant.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

Abedon Saiz, an Arizona state prisoner, has taken this appeal from a District Court order denying his petition for writ of habeas corpus without an evidentiary hearing.

We are not persuaded, in the circumstances of this case, that there was such inordinate delay between the time of the commission of the offense and the time of filing of a formal criminal complaint as to deny due process or the right to speedy trial. *Cf.* United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States v. Penland, 429 F.2d 9 (9th Cir. 1970); York v. United States, 389 F.2d 761 (9th Cir. 1968); Moser v. United States, 381 F.2d 363 (9th Cir. 1967), cert. den. 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 850 (1968). The complaint was filed within the period of the statute of limitations, and the present record fails to show that Saiz was prejudiced by the delay in filing formal charges. Saiz's bare allegation that delay dimmed his memory of events does not show actual prejudice. *See* United States v. Bray, 442 F.2d 1064 (9th Cir. 1971); United States v. Penland, 429 F.2d 9 (9th Cir. 1970). The general allegation that three potential witnesses and the robbery victim were unavailable as a result of the delay is too vague to establish that "there is a reasonable possibility that the jury could have reached a different result by considering the asserted evidence foreclosed by delay." Estrella v. United States, 429 F.2d 397, 400 (9th Cir. 1970). *See* United States v. Walton, 411 F.2d 283, 288 (9th Cir. 1969). Moreover, there has been no showing in this case that the delay was the result of purposeful or oppressive Government conduct.

Based as it is on the insufficiency of the allegations of the petition, our decision in this case should not be read to preclude District Court consideration of a future petition containing allegations of prejudice that do meet the standards of *Estrella, supra,* and *Walton, supra.*

Affirmed.