**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William C. ROSS, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Terry MALONE, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herman Wade MALONE, Defendant-Appellant.**

**Nos. 71-2147, 71-2418 and 71-2420.**

United States Court of Appeals, Ninth Circuit.

July 17, 1972.

Ann Warner (argued), of Hurwitz, Marshall & Warner, San Francisco, Cal., Frank M. Ennix, III (argued), Oakland, Cal., for defendants-appellants.

James L. Hazard, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and SHARP,* District Judge.

PER CURIAM:

Defendants were charged in a ten-count indictment with violations of Title 21 United States Code, Section 174—Unlawful Sale and Concealment of Heroin and Conspiracy to Sell Heroin.

The ten incidents covered by the indictment occurred over a period of approximately two and one-half months, from January 29, 1970 to April 10, 1970. The indictment was returned on May 27, 1970, and after four agreed continuances, trial commenced on March 15, 1971.

Defendant Porter pleaded guilty to one count and at the time of judgment and sentence the court dismissed the remaining counts against him. Although defendant Porter filed notice of appeal to this court, he failed to perfect the same and his appeal was dismissed by separate order for want of prosecution.

Defendant Ross was found guilty by a jury of four counts, Terry Malone of one count, and Herman Malone, one count.

██ In this consolidated appeal the defendants Malone present two issues: The first is that the "long delay" between the January 29th incident charged in count 1, of which Terry Malone was found guilty, and his first knowledge of the charge against him (a period of approximately four months) resulted in a loss of memory as to details and impeded his ability to marshal a strong defense. We agree that Malone's testimony was vague and not very informative but are convinced that the passage of time was not the cause, but, rather, the strength of the government's case against him. In any event, the statute of limitations for violation of Title 21 United States Code, Section 174, is five years, and a period of four months between the time of the incident and arrest is not unreasonable. Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). Nor, was there a deprivation of the right to a speedy trial. This right arises at the time of formal complaint, and is not affected by pre-indictment delay. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

██ Both defendants Malone charge that the counts against them were misjoined with those against Ross and Porter. They claim prejudice in that the weight of the evidence against Ross and Porter was bound to reflect adversely on the Malones. As stated in their brief before this Court:

> "In the instant case the Malones, who were minor dealers, were tried with two heavy heroin dealers."

However, even though they were each charged in only one count of the indictment, the government's evidence established that they participated in a series

---

* The Honorable Morell E. Sharp, United States District Judge, for the Western District of Washington, sitting by designation.

of acts with the other defendants. They were present discussing price with the government's under-cover agent immediately preceding the sale involved in one of the other counts, and Terry Malone chauffeured the car from which Porter received heroin involved in another count. The evidence was strong that the Malones were involved with the other defendants in the same basic scheme to distribute heroin. United States v. Patterson, 455 F.2d 264 (9th Cir. 1972); United States v. Wentz, 456 F.2d 634, (9th Cir. 1972).

■ Further, it is not necessary that all defendants in a multiple-count indictment be charged in each count. Williamson v. United States, 310 F.2d 192 (9th Cir., 1962); United States v. Roselli, 432 F.2d 879 (9th Cir., 1970).

■ But, even if there had been a misjoinder, these defendants failed to raise the question before or during the trial. Such failure constitutes a waiver under Federal Rule of Criminal Procedure 8(b). United States v. Daniels, 141 U.S.App.D.C. 223, 437 F.2d 656 (1970).

■ Defendant Ross poses several issues to this court, none of which warrant extended discussion. At the outset of the trial, defendant Ross's attorney moved for a continuance, requesting time to obtain a transcript of previous testimony of a prospective government witness in Boston, Massachusetts, and, also, time to prepare a motion to suppress. The trial judge denied the motion, suggesting that counsel have the Boston testimony read to him over the telephone, and if it were deemed important, the court would assist in having the testimony transcribed for trial purposes. Apparently, defendant declined to follow this suggestion and, as far as the record on appeal shows, the Boston testimony has still not been obtained.

■ As for the motion to suppress, the court agreed to hear the motion at an appropriate time during the trial. This was not an abuse of discretion. Di Bella v. United States, 369 U.S. 121, 82

S.Ct. 654, 7 L.Ed.2d 614. Furthermore, colloquy between the court and defendants' counsel at the time the court did hear the motion indicates that ample opportunity was afforded defendants' counsel to present his supporting evidence, and that he was fully satisfied.

Other issues presented by defendant Ross, directed primarily to the sufficiency of evidence, are clearly without merit. Not only was there sufficient evidence to sustain the jury verdict, but, in fact, the evidence as to each and every element was overwhelming.

Affirmed.