Bobby **FAVORS**, Petitioner-Appellant,

v.

Frank A. **EYMAN**, Warden, Arizona State Prison, Respondent-Appellee.

No. 71–2863.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1972.

Rehearing Denied Nov. 8, 1972.

Lloyd D. Brumage (argued), of Karman & Brumage, Casa Grande, Ariz., for petitioner-appellant.

William P. Dixon, Asst. Atty. Gen., (argued), Gary K. Nelson, Atty Gen., Phoenix, Ariz., for respondent-appellee.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Favors appeals from an order denying his petition for a writ of habeas corpus. We affirm.

This case arises from the following facts. On June 11, 1963, Favors and one Burrell escaped from the Arizona State Prison in Florence, Arizona. Two days later they were captured in Glendale, Arizona, at the end of a high speed auto chase in which they had exchanged gunfire with police officers. On June 14, 1963, a complaint was filed before a Justice of the Peace for the West Phoenix Precinct in Maricopa County, charging both men with three counts of assault with intent to commit murder. Arrest warrants were issued the same day and placed in the hands of the Sheriff of Maricopa County. The warrants, however, were not served. Shortly thereafter, the men were returned to the Arizona State Prison. They were timely charged, tried and convicted in Pinal County Superior Court for the crime of escape.

On September 15, 1964, Burrell filed a motion for preliminary examination in the West Phoenix Justice Court. The motion was granted. The warrants of arrest which had been issued on June 14, 1963, were served on Favors and Burrell on October 1, 1964. A preliminary hearing was held five days later, and they were held to answer. On November 4,

1964, informations were filed in the Maricopa County Superior Court charging Burrell and Favors with three counts of assault with intent to commit murder. Before the trial began, Favors moved to dismiss the informations, asserting denial of a speedy trial. The motion was denied. Favors was tried, beginning on December 28, 1964, and convicted on all three counts.

Favors has exhausted his remedies in the Arizona courts. See State v. Burrell, 1967, 102 Ariz. 136, 426 P.2d 633.

1. *The rights to a speedy trial and due process.*

Favors argues that the delay between the filing of the complaint on June 14, 1963, and his trial in December, 1964, violated his Sixth Amendment right to a speedy trial.

■ In this case we are concerned only with Favors' right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Klopfer v. North Carolina, 1967, 386 U. S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1. Arizona also guarantees a speedy trial, Ariz.Const. Art. 2, § 24, A.R.S. But it is the Arizona courts, not the federal courts, that are to construe and apply that guarantee.

Favors does not contend, nor could he, that the delay between his arrest on October 1, 1964, or his being held to answer on October 6, and his trial violated his right to a speedy trial. See, Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. Rather, he argues that his federal right to a speedy trial attached when the complaint was filed on June 14, 1963, and that the delay thereafter violated that right.

In our opinion, Favors' argument is answered in United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468. In that case the Court held, on the basis of the language of the Sixth Amendment, which states that "[T]he accused shall enjoy the right to a speedy . . . trial . . . .", that the right attaches, in a federal case, when one of three events occurs. These

events, said the court, are occasions upon which one becomes an "accused": when he is (1) arrested and held to answer (2) indicted, or (3) informed against. (404 U.S. at 320, 92 S.Ct. 455.) The Court then said:

"Invocation of the speedy-trial provision thus need not await indictment information or other formal charge. *But we decline to extend the reach of the amendment to the period prior to arrest.* Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer." [Emphasis added.]

See also United States v. Griffin, 9 Cir., 1972, 464 F.2d 1352, United States v. Ross, 9 Cir., 1972, 464 F.2d 1278; Estrella v. United States, 9 Cir., 1970, 429 F.2d 397, 400.

■ In the present case, Favors had not been arrested. He had suffered no restraint on his liberty by reason of the charges of assault with intent to commit murder. The restraint to which he was subjected arose from other convictions. Nor was he the subject of a formal public charge. In the federal system, a defendant can be so charged only by indictment (Const., Amdt. Five), or, with his consent, by information. (Rule 7, F.R.Crim.P.) In Arizona, a defendant can be so charged only by indictment or information. (Ariz.Const. Art. 2, § 30). Thus the parallel between this case and *Marion* is complete, except in one respect.

■■ In *Marion*, no complaint had been filed against the defendant, as permitted by Rule 3, F.R.Crim.P. In Favors' case, a complaint had been filed, as permitted by Rule 1, Ariz.R.Crim.P. (5 Ariz.Rev.Stat.Ann.) Thus the Court in *Marion* did not have occasion to pass upon the precise question here presented. We conclude that the rationale of *Marion* requires that we hold that Favors' Sixth Amendment right to a speedy trial did not attach when the

complaint was filed. The primary function of the complaint under both the federal and Arizona rules is that it is the basis upon which, if probable cause is shown, a warrant of arrest may issue. It does not serve the function of an indictment or information; it may, but will not necessarily, trigger an arrest. If so, the next step is a preliminary hearing at which the defendant may be held to answer. (Rule 5, F.R.Crim.P.; Rules 16–37, Ariz.R.Crim.P. 17 A.R.S.)

The Arizona complaint now serves one additional purpose. It tolls the statute of limitations. (Arizona Rev.Stat. § 13–106 as amended, Ariz.Laws 1969, ch. 133, § 1.) But at the times involved in this case, it did not have that effect; only the finding of an indictment or the filing of an information did so. (Former Ariz.Rev.Stat. § 13–106). We need not here consider the effect, if any, of · the 1969 amendment to the Arizona statute upon the federal right to a speedy trial.

It is arguable that the filing of a complaint under either the federal or the Arizona procedure makes the person charged "the object of public accusation" within the meaning of the language quoted above from *Marion.* However, we do not accept the argument. In our opinion, the Court was there speaking of the formal charge, by indictment or information, necessary to a prosecution, not of the informal charge in a complaint, necessary to obtain a warrant of arrest. (*Cf.* Rule 78, Ariz.R.Crim. P.)[1]

■ Nor do we find that the delay amounted to a violation of Favors' Fourteenth Amendment right to due process. The prosecution was begun within the period of the statute of limitations, and

Favors' petition fails to show that he was prejudiced by the delay in filing formal charges. "The general allegation that . . . potential witnesses . . . were unavailable as a result of the delay is too vague to establish that 'there is a reasonable possibility that the jury could have reached a different result by considering the asserted evidence foreclosed by delay.' " Saiz v. Eyman, 9 Cir., 1971, 446 F.2d 884, 885. *Accord,* Estrella v. United States, *supra,* 429 F.2d at 400. Furthermore, there is no showing in the petition in this case that the "delay was the result of purposeful or oppressive Government conduct."[2] Saiz v. Eyman, *supra,* 446 F.2d at 885. *See also* United States v. Marion, *supra,* 404 U.S. at 325–326, 92 S.Ct. 455; Barker v. Wingo, *supra.*

2. *Right to counsel prior to the preliminary examination.*

■■ Favors argues that the failure to appoint counsel prior to his preliminary hearing violated his Sixth Amendment right to counsel. In pre-trial proceedings there is no arbitrary point at which the right to counsel attaches, and each case must be considered on its own facts. United States ex rel. Cooper v. Reincke, 2 Cir., 1964, 333 F.2d 608, 611. Favors' petition contains no allegations that even tend to show that the lack of counsel prior to preliminary examination prejudiced him. *See generally* Crooker v. State of California, 1958, 357 U.S. 433, 439–440, 78 S.Ct. 1287, 2 L.Ed.2d 1448.

3. *The prosecutor's comment on Favors' failure to testify.*

■ Favors argues that the prosecutor's comment on Favors' failure to testify violated his Fifth Amendment privilege against self-incrimination. Favors'

---

1. We note that the Arizona Supreme Court has held that the right to a speedy trial guaranteed by the Arizona Constitution applies only " 'when a person has been held to answer for an offense' and/or 'when a person has been indicted or informed against for an offense . . . . ' " State v. Maldonado, 1962, 92 Ariz. 70, 75, 373 P.2d 583, 586.

State v. Burrell, *supra;* State v. Pruett, 1966, 101 Ariz. 65, 68, 415 P.2d 888, 890–891; Rule 236, Ariz.R.Crim.P., 17 Ariz.Rev.Stats.

2. Our holding here is based solely on the insufficiency of the allegations in Favors' petition. *See* Thomason v. Klinger, 9 Cir., 1965, 349 F.2d 940, 941.

claim arises from the prosecutor's statement during final argument:

"Now, the judge again will instruct you that we have charged the defendants with assault with intent to kill. Now Bobby Favors said nothing. What have you heard? We heard all the witnesses and some of the testimony was contrary to common sense. . . ."

Although this comment was improper, it was harmless beyond a reasonable doubt in view of the overwhelming evidence in the record of Favors' guilt. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; Fahy v. Connecticut, 1963, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171.

Affirmed.