959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee CURRY, Defendant-Appellant.
 No. 91-30265.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.*
Decided April 9, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curry appeals his conviction for violation of 26 U.S.C. § 5861, possession of an unregistered firearm. During his trial he moved to suppress statements made to federal agents and to dismiss for pretrial delay. The court denied his motions and a jury convicted him. We affirm.
 
 
 3
 * Curry argues that oral statements he made to federal agents should not have been admitted because he did not sign a waiver which would demonstrate that he voluntarily waived his Miranda rights.
 
 
 4
 The officers told him of his Miranda rights. He told them that he understood those. He did not invoke his right to remain silent, but answered questions freely. There is no evidence of intimidation during the 30-minute interview. In Connecticut v. Barrett, 479 U.S. 524, 530 (1987), the Court upheld a finding that a defendant fully understood his Miranda rights when he refused to make a written statement but agreed to discuss his crime with the police. It concluded that his decision to speak to the police, but not provide them with a written statement, did not prevent him from fully understanding that anything he said could be used against him. Id. It was not clear error for the court to admit Curry's oral statements made after he refused to sign a waiver of his Miranda rights. See North Carolina v. Butler, 441 U.S. 369, 371 (1979).
 
 II
 
 5
 Curry contends that the statements he made to the federal agents should have been excluded because the federal offense was so inextricably intertwined with the city offense that his right to counsel for the latter charge attached as well to the federal one. He argues that these crimes do not meet the offense-specific test of McNeil v. Wisconsin, 111 S.Ct. 2204, 2207 (1991).
 
 
 6
 The McNeil Court did not define what offenses would be considered separate crimes for Sixth Amendment purposes. We need not define the test for separate crimes here because even if Curry's right to counsel attached to his federal crime, any error in admitting his statements would be harmless.
 
 
 7
 Curry told the federal agents that he did not possess the gun but found it lying on the ground next to him when he was arrested. Other evidence presented at trial showed that the officers saw him carrying the gun under his arm. When they asked him to raise his arms over his head, he lifted only one arm, the other one remained at his side clutching the gun. The admission of his statements was harmless error. See Collazo v. Estelle, 940 F.2d 411, 424 (9th Cir.1991).
 
 III
 
 8
 a. Due Process Violation
 
 
 9
 To establish a due process violation based on preindictment delay, Curry must show actual prejudice. See United States v. Moran, 759 F.2d 777, 780 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986).
 
 
 10
 Curry argues he suffered prejudice because the officers who arrested him have forgotten details of the incident. Allegations of possible memory loss are not sufficient to support a speedy trial violation. United States v. Sears Roebuck and Co., 877 F.2d 734, 740 (9th Cir.1989).
 
 
 11
 He next claims that he lost access to potential impeachment evidence. To show prejudice from the destruction of these items, Curry must demonstrate that they would benefit him. The missing information from the Municipal Court and the parole board was found immaterial. The officer's testimony in Curry's parole revocation hearing was summarized in that officer's police report.
 
 
 12
 He also alleges prejudice from the loss of the possibility of receiving a concurrent sentence. He offers no proof that the delay caused him to suffer this injury.
 
 
 13
 His allegations of prejudice are insufficient to establish a denial of due process.
 
 
 14
 b. Sixth Amendment right to a speedy trial violation:
 
 
 15
 Curry contends that the delay between his indictment and arrest was a violation of his speedy trial right. To establish a denial of his speedy trial right, he must show that he suffered prejudice from the delay. Barker v. Wingo, 407 U.S. 514, 530 (1971).
 
 
 16
 He suggests the same evidence of prejudice as he did for his due process claim. His allegations of memory loss, destruction of potential impeachment evidence, and the possibility of a harsher sentence do not meet the prejudice requirement. See York v. United States, 389 F.2d 761, 762 (9th Cir.1968).
 
 
 17
 In light of only minimal prejudice that Curry may have suffered from the delay, his right to a speedy trial was not violated.
 
 
 18
 c. Speedy Trial Act § 3161(j)(1) violation:
 
 
 19
 Curry contends that because the government delayed in notifying him of his indictment, his rights under section 3161(j)(1) of the Speedy Trial Act were violated.
 
 
 20
 The federal investigator's affidavit details the course of research into Curry's whereabouts and shows that the government did not intentionally delay in indicting him. Because he cannot prove it intentionally delayed his indictment, there was no violation of the Act. United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986).[1]
 
 
 21
 d. Interstate Agreement on Detainers Violation:
 
 
 22
 Curry argues that the government's failure promptly to file a detainer violated the Interstate Agreement on Detainers Act. The Act's provisions are not triggered unless a detainer is filed. United States v. Mauro, 436 U.S. 340, 361 (1978).
 
 
 23
 The IADA does not provide relief for government failure to file the detainer promptly. Until one is filed, there is no way to know whether the government would have failed to prosecute Curry within the 180-day IADA deadline. The court's refusal to dismiss the indictment for an IADA violation was correct.
 
 IV
 
 24
 Curry contends the court erred in giving an instruction concerning his self-incriminating out-of-court statement. He argues that this instruction would be proper only if the voluntariness of his statement was at issue. 18 U.S.C. § 3501.
 
 
 25
 The fact that the instruction has language from § 3501 does not mean that the court erred in giving it in a case where the statements were voluntary. Because the court has great discretion in formulating jury instructions, it did not abuse its discretion when it gave this instruction over objection.
 
 
 26
 He also argues that the court erred in failing to instruct the jury on how to evaluate the police officers' testimony. It gave a general instruction on how to analyze the credibility of all witnesses' testimony. Although it declined to adopt his version of the instruction, the one given allowed the jury to make its own credibility determination. It did not abuse its discretion in refusing to give the proffered instruction.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Curry further argues that this panel should reconsider this court's United States v. Valentine, 783 F.2d 1413, 1415 (9th Cir.1986) decision. Because he cannot establish a section 3161(j)(1) violation, we do not reach this issue