**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus GONZALEZ–AVINA, Defendant—Appellant.**

No. 06–10399.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed July 11, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Barbara J. Valliere, Esq., Nahla Rajan, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Daniel P. Blank, Esq., Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Jesus Gonzalez–Avina ("Gonzalez") appeals his conviction for the offense of being a deported alien found after illegally entering the United States under 8 U.S.C. § 1326. Gonzalez contends that his Sixth Amendment right to a speedy trial was violated because the government did not try him until twenty-three months after a criminal complaint was first filed against him in federal court. During that period, Gonzalez was incarcerated in a California state prison on an unrelated state conviction. According to Gonzalez, the district court erred in denying his motion to dismiss the indictment because, contrary to the district court's conclusion, he was in fact prejudiced by the pretrial delay. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review de novo the district court's resolution of a claim under the Sixth Amendment's Speedy Trial Clause, but we will not overturn the district court's subsidiary factual findings unless they are clearly erroneous. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir.2003).

As a preliminary matter, the parties dispute whether the filing of a federal complaint suffices to trigger the speedy trial clock. We assume without deciding that the pre-trial delay in this case should be measured from the time a federal complaint was filed against Gonzalez. *See United States v. Terrack*, 515 F.2d 558, 559 (9th Cir.1975); *Northern v. United States*, 455 F.2d 427, 429 (9th Cir.1972) (per curiam). *But cf. Arnold v. McCarthy*, 566 F.2d 1377, 1382 (9th Cir.1978); *Favors v. Eyman*, 466 F.2d 1325, 1327–28 (9th Cir.1972). Here, this would imply a pre-

1. Because the parties are familiar with it, we do not recite the procedural and factual background, except as necessary to understand our disposition.

trial delay of approximately twenty-three months, which is sufficient to make out a threshold case of a Speedy Trial Clause violation. *Gregory*, 322 F.3d at 1161–62.

We assess "the merits of [a] claimed violation of the Sixth Amendment speedy trial right by applying a balancing test involving four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant." *Id.* at 1161 (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). In this case, the parties agree that the first three factors either favor Gonzalez or are neutral, but disagree as to whether Gonzalez has made a sufficient showing that he was prejudiced by the delay.

Under certain circumstances, a defendant can establish that his speedy trial rights were violated without demonstrating that he experienced any actual prejudice from the delay. In particular, "no showing of prejudice is required when the delay is great and attributable to the government." *Gregory*, 322 F.3d at 1162 (citation and internal quotation marks omitted). *Gregory*, however, implies that Gonzalez must show that he suffered actual prejudice in order to establish a Speedy Trial Clause violation. In *Gregory*, the defendant established that he suffered a twenty-two month delay, that the government's negligence caused the delay, and that he had promptly asserted his right to a speedy trial. *Id.* at 1162. Still, the court determined that the twenty-two month delay was "not long enough to excuse Gregory from demonstrating actual prejudice to prevail on his claim." *Id.* at 1163. The circumstances in this case mirror those in *Gregory*, except that the delay here was one month longer than the delay in *Gregory*. We conclude, however, that an additional month of delay is an insufficient basis on which to distinguish this case from *Gregory*; therefore, that Gonzalez must show actual prejudice in order to establish that his speedy trial rights were violated. *See also United States v. Beamon*, 992 F.2d 1009, 1014 (9th Cir.1993) (pretrial delays of seventeen months and twenty months were insufficient to exempt defendants from showing actual prejudice).

Gonzalez has not shown that he suffered any actual prejudice from the pretrial delay in his case. In the district court, Gonzalez argued only that he suffered prejudice because he lost the opportunity to serve his state and federal sentences concurrently. The district court ruled that the possibility that Gonzalez might have served concurrent sentences was too speculative to support a finding of prejudice, and Gonzalez has not appealed that ruling. Instead, on appeal, Gonzalez has argued that the pending federal criminal complaint rendered him ineligible during his state incarceration for "good time credits," which are credits that would otherwise have reduced his actual time served in state prison. Gonzalez did not, however, make this argument in a timely fashion to the district court, and he has provided no evidence that he was otherwise eligible for or was denied any good time credits. Even if we were to consider this untimely argument,[2] the possibility that Gonzalez would have served a shorter sentence absent the pending federal complaint is speculative at best, and will not support a

---

**2.** *See Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir.1995) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.") (citation and internal quotation marks omitted).

finding of a Sixth Amendment violation.[3] *See Beamon*, 992 F.2d at 1014 ("[T]he possibility of prejudice ... is insufficient in the Sixth Amendment context.").

Given Gonzalez's failure to demonstrate that the pretrial delay prejudiced him in any way, the district court correctly found that Gonzalez's rights under the Sixth Amendment's Speedy Trial Clause were not violated.

**AFFIRMED.**

---

**3.** Although the argument was raised late in the district court, at sentencing, the court nonetheless gave Gonzalez "credit" for the approximate five to six months of state good time credits that Gonzalez claimed he had lost.

