

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MANN<br><br>              Petitioner - Appellant,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>              Respondents - Appellees. | No. 15-55147<br><br>D.C. No. 8:13-cv-0560 DOC-(MAN)<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California, Santa Ana
David O. Carter, District Judge, Presiding

Argued and submitted April 5, 2016
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and EZRA,** District Judge.

Michael Mann ("Appellant") appeals the district court's denial of his

petition for a writ of habeas corpus for an alleged violation of his Sixth

Amendment right to a speedy trial. The alleged violation arises out of a state court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

conviction in May 2008 for an arrest that occurred in December 2001. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

Appellant contends that his Sixth Amendment right to a speedy trial attached upon his initial state arrest for assault of a police officer and possession of a controlled substance, because he was held in state custody after arrest until his arraignment at an initial hearing two days later, when he was released on bond and ordered to return to court for a preliminary hearing. *See United States v. Marion*, 404 U.S. 307, 320 (1971) (holding that the protections of the Sixth Amendment speedy trial provision attach upon "the actual restraints imposed by arrest and holding to answer a criminal charge"). However, between Appellant's arrest and preliminary hearing in state court, federal authorities arrested and held him on separate drug charges. Appellant missed his preliminary state court hearing because he was in federal custody, and the state court exonerated his bond, but issued a warrant for his failure to appear.

The Supreme Court holds that "when no indictment [or information] is outstanding, only the '*actual* restraints imposed by arrest and holding to answer a criminal charge . . . engage the protections of the speedy trial provision of the Sixth Amendment.'" *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986) (ellipsis in original) (quoting *Marion*, 404 U.S. at 320). When the *actual* restraints are

removed and "defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." *Id.* at 312. In this case, Appellant was neither under indictment nor subject to bail during the relevant time period from February 2002 until February 2008. In light of these facts, it was neither contrary to clearly established Supreme Court precedent nor an unreasonable application of such law for the California Court of Appeal to hold that Appellant's federal speedy trial right was not violated.

Appellant next contends that, despite the exoneration of the bond, California retained its hold on him because it issued an arrest warrant for his failure to appear at his 2002 preliminary hearing. As the district court noted, Appellant's liberty was not restrained by the state after the bond's exoneration and issuance of the arrest warrant, but by another sovereign (the federal government) during the relevant time period. Additionally, due to Appellant's federal custody, the failure-to-appear warrant arguably did not subject Appellant to the same degree of loss of employment or damage to reputation as compared to a person not in custody. Given these circumstances, "fairminded jurists could disagree" whether the issuance of a failure-to-appear warrant constituted the actual restraint necessary to keep a defendant's Sixth Amendment right to a speedy trial attached. *See*

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision").

Finally, Appellant asserts that the California Court of Appeal erred in holding that the December 2001 felony complaint filed against him did not trigger the protections of the speedy trial right under the Sixth Amendment. The Supreme Court has not decided whether the filing of a felony complaint is sufficiently analogous to an indictment or information to trigger the protections of the Sixth Amendment Speedy Trial Clause. Indeed, this circuit is split on whether the filing of a felony complaint triggers the right. *Compare Northern v. United States*, 455 F.2d 427, 429 (9th Cir. 1972) (per curiam) (felony complaint triggers speedy trial protection), *and United States v. Terrack*, 515 F.2d 558, 559 (9th Cir. 1975) (same), *with Favors v. Eyman*, 466 F.2d 1325, 1327–28 (9th Cir. 1972) (felony complaint does not trigger speedy trial right), *and Arnold v. McCarthy*, 566 F.2d 1325, 1382 (9th Cir. 1978) (same).

Because the Supreme Court has not addressed the question whether a felony complaint causes the Sixth Amendment Speedy Trial Clause to attach, the California Court of Appeal's holding was not contrary to clearly established federal law. Further, the state court holding was not an unreasonable application of

federal law. Indeed, in light of this circuit's own split, fairminded jurists could disagree whether the Orange County District Attorney's filing of a felony complaint against Appellant triggered the protections of the Sixth Amendment. Given the heightened standard of review required by 28 U.S.C. § 2254, we must defer to the California Court of Appeal's conclusion that the felony complaint did not cause Appellant's Sixth Amendment s5peedy trial right to attach.

**AFFIRMED.**