THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE B. CHISUM, Defendant-Appellant.

(No. 74-203;

Second District (1st Division)—August 1, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Martin Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was charged in an indictment with two counts of aggravated battery and one count of battery, for assaulting and biting a police officer. In Count 1 defendant was charged with committing aggravated battery upon Thomas Fisher with the knowledge that Thomas Fisher was a peace officer engaged in his official duties; in Count 2 with committing aggravated battery on Thomas Fisher; and in Count 3 with committing battery on Thomas Fisher. He was convicted of aggravated battery under Count 1 after a jury trial and sentenced to a term of 1 year 8 months to 5 years' imprisonment. Defendant appeals from the conviction contending (1) that cross-examination by the prosecutor as to defendant's prior conviction was reversible error; and (2) that the jury's failure to return verdicts on the other counts of the indictment amounted to verdicts of not guilty and created a legal inconsistency requiring reversal of the guilty verdict.

The first claim of error involves the manner in which a prior conviction was introduced. The defendant testified in his own defense. Prior to the State's cross-examination a conference was held in chambers concerning the right of the State to impeach the defendant by admitting a prior conviction for burglary. The judge ruled that the burglary conviction was admissible under the *Montgomery* doctrine (*People v. Montgomery* (1971), 47 Ill.2d 510). Thereupon, the following question was asked by the prosecutor and the defendant answered:

> "Q. Mr. Chisum, in 1967 were you convicted of the offense of burglary?
>
> A. Yes, I was."

There was no further questioning of the witness as to the prior record. At the close of defendant's testimony the court inquired about rebuttal testimony and the prosecutor stated to the court in the presence of the jury that he would offer the court file and docket sheet of the prior conviction in evidence. He asked the court to take judicial notice of the prior conviction. The defendant's counsel objected on the ground that the record had no probative value since defendant had admitted the prior conviction. The judge ruled that he would not admit the record into evidence but would take judicial notice of it.

■■ It is now well established that cross-examination of a defendant as to a prior conviction is not an approved practice but does not constitute reversible error when, in addition to the questioning, the record is also admitted as proof of the conviction, except in extremely close cases or under circumstances in which the nature of the prior conviction is

particularly prejudicial. (*People v. Smith* (1965), 63 Ill.App.2d 369, 381. See also *People v. Squires* (1963), 27 Ill.2d 518, 521; *People v. Neukom* (1959), 16 Ill.2d 340, 348. Compare *People v. Cassman* (1973), 10 Ill. App.3d 301.) The introduction of the physical record rather than other forms of authentication is a proper method. *People v. Dye* (1974), 23 Ill.App.3d 453, 455.

We find no error in the procedure followed in this case by the court after the improper question by the prosecutor. It could take judicial notice of the record of the same court which was physically before it.

We have carefully considered the record and do not find it close. Nor are there other circumstances such as those alluded to in *People v. Smith*, which would substantially prejudice defendant because of the method of impeachment by the prior conviction. The cross-examination, though objectionable, therefore did not constitute reversible error in the total circumstances of the case.

■■ The defendant next argues that the verdict that he was guilty of the one count of aggravated battery (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(6)) is legally inconsistent with the jury's failure to return verdicts as to the other count of aggravated battery (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(a)) and the one count of battery (Ill. Rev. Stat. 1971, ch. 38, par. 12—3), which defendant equates with not-guilty verdicts. Defendant reasons that battery is an element of the offense of aggravated battery and thus that unless a defendant, who is charged with both offenses, is convicted of battery he may not be convicted of the aggravated charge.

The State responds that the jury did not sign the verdict forms as to the second count of aggravated battery and as to the battery count and thus that this is not tantamount to a verdict of not guilty on those counts. We agree.

The finding of a jury does not become a verdict until it is received, accepted by the court and entered of record. (*People v. Wilson* (1972), 51 Ill.2d 302, 309.) The trial court could have followed the procedure set forth in *Wilson* (51 Ill.2d 302, 310) and returned the verdict forms to the jury with instructions to complete them. We know of no authority, however, that a court is required to follow this procedure. We have found no authority that leads us to conclude that an unsigned verdict form operates as a jury's verdict of acquittal.[1]

■■ The State also argues that there is, in fact, no inconsistency even if it is assumed that there were verdicts on all of the counts and we also

---

[1] We do not rule upon the hypothetical argument of defendant that the state would be precluded from retrying a defendant on the counts on which the jury failed to return any verdict.

agree. Defendant's argument that there is such inconsistency is based on the majority opinion in *People v. Dawson* (1974), 19 Ill.App.3d 150. The appellate court held in *Dawson* that a verdict which acquitted the accused of a crime, the elements of which included the acts necessary for the commission of another crime for which he is found guilty, is inconsistent. The Illinois Supreme Court, however, granted leave to appeal in *Dawson*. In 60 Ill.2d 278, 280-81, the supreme court stated that even if it assumed that the case involved the verdict of guilty as to an armed robbery count and not guilty as to the count of felony murder under the accountability statute it found no inconsistency in fact in the verdict. The court disputed the rationale of the appellate court opinion and suggested that rather, the appropriate considerations were those discussed in *United States v. Carbone* (2d Cir. 1967), 378 F.2d 420, 422-23. In *Carbone*, the court held that the fact that a jury may have acquitted a defendant of one or more counts in a multicount indictment because it believed that the conviction on one count provided sufficient punishment (in the exercise of its historic power of granting leniency) forbids allowing the acquittal to affect a simultaneous conviction.

In this case the State argues that the jury's intention can be ascertained with reasonable certainty (*People v. Polk* (1973), 10 Ill.App.3d 408, 415), and that therefore its verdict should be upheld. One of the factual issues in this case was whether defendant knew that the victim was a police officer. The State persuasively argues that the record shows with reasonable certainty that the jury wanted to convict the defendant of aggravated battery because they found that defendant was aware of the fact that the victim was a police officer and did not want to convict him of mere battery, but neither did they want to convict him of the lesser charge. We think that is a fair argument from the record. The absence of a finding that defendant had committed the offense of battery did not, in the circumstances of this case, require the conclusion that the jury decided that no battery at all had been committed as an ultimate fact. (Compare *People v. Haran* (1963), 27 Ill.2d 229.) Although the charges arose from the same conduct the verdicts were not legally inconsistent even if we were to assume, which we have not, that the defendant was acquitted of the remaining counts when the jury refused to sign a verdict form as to these charges.

In *Commonwealth v. Carter* (1971), 444 Pa. 405, 282 A.2d 375, there were similar contentions to those made by defendant here, that an acquittal of one count of assault and battery and a conviction of a count of aggravated battery were inconsistent verdicts. The court pointed out that this argument was based on a mistaken assumption that the not-guilty verdict on the assault and battery count is to be interpreted as a

finding by the jury that there was in fact no assault and battery. The court reasoned that in fact the acquittal must be looked at as no more than the exercise of the jury's power of lenity; that the most that can be said is that the verdict shows that either in the acquittal or the conviction the jury did not speak its real conclusions but that that does not show that they were not convinced of the defendant's guilt (282 A.2d 375, 376-77). See also *People v. Hairston* (1970), 46 Ill.2d 348, 360-62; *People v. Dawson* (1975), 60 Ill.2d 278; Annot., 18 A.L.R.3d 259 (1968).

For the reasons which we have stated we affirm the judgment.

Affirmed.

GUILD and HALLETT, JJ., concur.