**Fredrick Lee PHARM, Petitioner–Appellant,**

v.

**Sherman HATCHER and Attorney General of the State of Wisconsin, Respondents–Appellees.**

No. 90–3539.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 21, 1992.

Decided Jan. 19, 1993.

Rehearing Denied March 5, 1993.

Donna L. Hintze, Milwaukee, WI (argued), for petitioner-appellant.

Jerome S. Schmidt, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, WI (argued), for respondents-appellees.

Before CUMMINGS, Circuit Judge, PELL, Senior Circuit Judge, and KAUFMAN, Senior District Judge.[1]

PELL, Senior Circuit Judge.

This is an appeal by Fredrick Pharm from a judgment of the district court pursuant to 28 U.S.C. § 2254; his petition having been based on a claim of a denial of a speedy trial.

### I.

On September 30, 1975, the State of Wisconsin filed a complaint alleging that Pharm had sexually assaulted his daughter. Although the State issued an arrest warrant along with the complaint, it never arrested Pharm. Six months after the issuance of the complaint and warrant, Pharm left Wisconsin and moved to Nevada, where he was convicted of murder and incarcerated in a state prison.

Although Wisconsin learned about Pharm's incarceration in 1977, it did not issue a detainer until 1985 and did not bring Pharm before its courts until January 28, 1988. Based on this delay, Pharm filed a "Motion to Dismiss for Lack of a Speedy Trial." While the motion was initially scheduled for April 22, 1988, the court postponed consideration of the motion until after Pharm's trial.

On February 8, 1988, the State held a preliminary examination and bound Pharm over for trial. On March 7, 1988, the State filed an information charging Pharm with two felonies, Indecent Behavior with a Child and Sexual Perversion. Wis.Stat. § 944.11(3); Wis.Stat. § 944.17. The next day, it amended its information to charge two counts of Indecent Behavior with a Child. Wis.Stat. § 944.11(3). On April 22, 1988, the State filed a second amended information, identical to the first information.

Pharm pleaded not guilty to the charges in the information but was convicted of both counts at his June 1–3, 1988 trial. After trial, Pharm reiterated his speedy trial claims, but the court denied relief.

---

1. Judge Frank A. Kaufman of the District of Maryland sat by designation on this appeal.

Pharm appealed the decision on the motion, but the appellate court affirmed the trial court and the Wisconsin Supreme Court denied review. Pharm then petitioned for a writ of habeas corpus in federal district court, again raising the speedy trial claim. The district court denied the writ, and Pharm appeals.

## II.

█ The parties mischaracterize the claims raised in this appeal as Sixth Amendment, rather than Fourteenth Amendment claims. The Sixth Amendment guarantee of a speedy trial only applies after arrest, indictment, or information. Before these events, the Fourteenth Amendment Due Process Clause provides the only constitutional protection from delay. Neither clause protects Pharm, who complains about delays before the issuance of his information but cannot meet the stringent prejudice requirements of the Due Process Clause.

### A. *The Sixth Amendment Guarantee of a Speedy Trial.*

█ The right to a speedy trial arises only after (1) arrest or (2) official accusation. *United States v. MacDonald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 1500–01, 71 L.Ed.2d 696 (1982); *see also Doggett v. United States*, — U.S. —, —, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992) (recognizing that the Sixth Amendment has no application before a formal criminal prosecution). The Supreme Court has adopted a narrow definition of official accusation, usually including only indictment and information. *See United States v. Lovasco*, 431 U.S. 783, 788, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *see also United States v. Juarez*, 561 F.2d 65, 67 (7th Cir.1977). Lower courts have limited the definition to events serving the same function as an indictment. *Favors v. Eyman*, 466 F.2d 1325 (9th Cir.1972).

Although Wisconsin employs unique pretrial procedures, the State nonetheless "officially charged" Pharm when it issued his information. Instead of requiring indictment by a grand jury, Wisconsin felony[2] courts provide preliminary examinations, where a judge, rather than a jury, decides whether the State has probable cause to believe that the defendant has committed a felony. Wis.Stat. § 970.03; *but see* Wis. Stat. § 968.06 (in some cases, the courts may use both an indictment and an information). After finding probable cause, the State details the charges against the defendant in an information. Wis.Stat. § 971.01; Wis.Stat. § 971.02. Like an indictment, the information serves as the official charging document in a felony case; the defendant must plead guilty or not guilty to the charges in the information. Wis.Stat. § 971.05; *see also* Wis.Stat. § 967.05 ("the trial of a felony action shall be upon an information").

Pharm's speedy trial rights arose after the information because he was never arrested by Wisconsin officials. Although Pharm was incarcerated in Wisconsin before his trial, he came to Wisconsin on a detainer, not after an arrest. Pharm was arrested in Nevada but "an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign." *United States ex rel. Mitchell v. Fairman*, 750 F.2d 806, 808 (7th Cir.1984). Absent an actual arrest by Wisconsin authorities, Pharm's speedy trial rights arose on March 7, 1988, the day of the entry of the information.

We recognize that by deciding that Pharm's Sixth Amendment rights arose after the information, we apply a different rule than the Wisconsin courts. The Wisconsin Supreme Court first addressed this speedy trial issue in *State ex rel. Fredenberg v. Byrne*, 20 Wis.2d 504, 123 N.W.2d 305 (1963), a case decided before the United States Supreme Court solidified its speedy trial doctrine in *Marion*, 404 U.S. at 320, 92 S.Ct. at 463. In *Fredenberg*, the Court

---

**2.** In this opinion we address only felony cases in Wisconsin. We do not extend our ruling to Wisconsin misdemeanor cases, which follow other procedures.

followed *D'Aquino v. United States*, 192 F.2d 338 (9th Cir.1951), *cert. denied*, 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343 (1952), a Ninth Circuit case holding that the right to speedy trial arises with the initial step of a criminal proceeding. In both the Ninth Circuit and Wisconsin, that initial step was the complaint. *Fredenberg*, 123 N.W.2d at 307. After *Marion*, the Wisconsin courts continued to follow this rule, finding that a defendant "officially becomes the accused" upon the issuance of a complaint. *State v. Lemay*, 155 Wis.2d 202, 455 N.W.2d 233, 236 (1990).

This Wisconsin rule conflicts with federal case law. In *United States v. Koller*, 956 F.2d 1408, 1412 (7th Cir.1992), for example, a complaint issued three days before the defendant's arrest and a substantial time before his indictment. This court held that the defendant's speedy trial rights began running on December 18, 1989, the day of his arrest, not December 15, 1989, the day of his complaint. *Id.* at 1413. The Ninth Circuit applied the same rule in a case nearly identical to Pharm's. *Favors*, 466 F.2d 1325. In *Favors*, the State issued a complaint and warrant on June 14, 1963, held a preliminary hearing on October 1, 1964, and filed an information on November 4, 1964. *Id.* at 1326. The defendant specifically argued that his right to a speedy trial arose on June 14, 1963, because the complaint made him the "object of public accusation." *Id.* at 1328. The court rejected this argument, holding that official accusation includes only formal charges, such as an indictment or informa-

tion, not informal charges, such as a complaint.[3] *Id.* at 1328. Consequently, the Sixth Amendment applies only after the information. *Id.*

### B. *The Fourteenth Amendment Right to Due Process of Law.*

█ Because Pharm never argues that the three-month delay between his information and his trial violated his right to a speedy trial,[4] we review his claims only under the Due Process Clause of the Fourteenth Amendment. *Juarez*, 561 F.2d at 67. The Due Process Clause, as we have recently noted, plays only a limited role in protecting against oppressive prosecutorial delay. *United States v. Anagnostou*, 974 F.2d 939, 941 (7th Cir.1992). In fact, we have never found pre-accusation delay rising to the level of a constitutional violation.[5] *Id.*

This court has developed two different standards for establishing Due Process violations. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992). Under one line of cases, the defendant must show (1) that the delay caused actual and substantial prejudice and (2) that the government delayed the information to gain a tactical advantage. *See Anagnostou*, 974 F.2d at 941. Under the other line of cases, after the defendant shows actual and substantial prejudice, the burden shifts to the State to show that the delay was necessary. *United States v. King*, 593 F.2d 269, 272 (7th Cir.1979). If the State meets its burden, we balance the prejudice from the delay

---

3. The Arizona complaint in *Favors* differed from a Wisconsin complaint in one respect. At the time of the *Favors* case, an Arizona criminal complaint did not toll the statute of limitations. *Id.* at 1328. In Wisconsin, issuing a complaint and warrant does toll the statute of limitations. Wis.Stat. § 968.02. We find this distinction irrelevant for Sixth Amendment purposes because, regardless of its tolling function, the complaint is not the official charging document in Wisconsin felony cases. However, the distinction may affect a Due Process analysis where a state uses post-complaint delay to avoid the requirements of a statute of limitations. *See United States v. Koller*, 956 F.2d 1408, 1415 (7th Cir.1992) (a court applying a due process analysis must consider the state's reason for the delay).

4. On April 22, 1988, Pharm explicitly waived any speedy trial claims for delay occurring between his detainer and his trial. (R. at 19).

5. In *Doggett, supra*, the Supreme Court has not given any clear signal as to whether or not prejudice may be presumed for due process purposes on the same or a relatively similar basis as under the Sixth Amendment. *Doggett*, —— U.S. at —— n. 2, 112 S.Ct. at 2692 n. 2. In that context, we note and adhere to the view stated in *Anagnostou*, 974 F.2d at 942 n. 1, that *Doggett*, in effect, does not suggest that the standards for pre-accusation delay are changed by the holding in *Doggett*.

with the reasons for the delay. *Id.* We decline to resolve this split today because Pharm's case is an inappropriate vehicle for formulating a circuit-wide rule. Because the parties believed that the Sixth Amendment applied to this case, we lack any briefing on the Due Process issue. The split is also irrelevant because Pharm cannot show actual and substantial prejudice.

 In a Due Process case, allegations of prejudice must be "specific, concrete, and supported by evidence—vague, speculative, or conclusory allegations will not suffice." *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988). Vague allegations have required us to reject prejudice claims even after the death of defense witnesses. *Anagnostou*, 974 F.2d at 942. In these lost witness cases, we require proof that the witness would have testified and withstood cross-examination and that the jury would have found the witness credible. *United States v. Doerr*, 886 F.2d 944, 964 (7th Cir.1989).

Pharm's claims are even more speculative than the claims in lost witness cases. He alleges that the long delay between the criminal act and the trial prevented him from reconstructing his actions. Thus, Pharm raises a "faded memory" claim, a type of claim that we have found "inherently speculative." *Juarez*, 561 F.2d at 68. Although we recognize that some faded memory claims could potentially rise to a constitutional violation, *see id.* at 69, we find no violation in this case. Pharm can point to no concrete evidence that was lost in the passage of time, nor can he identify a credible witness who would have testified on his behalf and would have withstood cross-examination.

### III.

Finding no violation of either the Sixth Amendment right to a speedy trial or the Fourteenth Amendment right to Due Process, we AFFIRM the judgment of the district court.