# United States Court of Appeals
## For the First Circuit

No. 15-1739

REGINALD BUTLER,

Petitioner, Appellant,

v.

LISA MITCHELL,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Barron, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

Michael J. Fellows, for appellant.
Christopher Hurld, Assistant Attorney General, with whom
Maura Healey, Attorney General of Massachusetts, was on brief, for
appellee.

March 9, 2016

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER**, **Associate Justice**.  Reginald Butler appeals the denial of a petition for habeas corpus in which he claims that his Sixth Amendment rights to a speedy trial and effective assistance of counsel were violated in the course of a Massachusetts state prosecution.  We affirm.

**I**

In 1991, a Massachusetts state district court issued an arrest warrant supported by a criminal complaint charging Butler with rape.  In 1993, while incarcerated on unrelated charges, Butler signed a standard form requesting a speedy trial on the 1991 complaint, but the case lay dormant.

After further proceedings immaterial here, the Commonwealth obtained an indictment against Butler on the rape charge in 1999, and he was arraigned in the Massachusetts superior court.  His trial began in 2003 and ended with a conviction.  On direct appeal, the state intermediate appellate court affirmed, and the Supreme Judicial Court of Massachusetts (SJC) denied review.

In 2008, Butler sought a new trial by motion filed in the superior court, claiming that his counsel on direct appeal had been ineffective for failing to argue that Butler's speedy-trial rights under the Massachusetts and Federal Constitutions had been violated.  The superior court denied the motion, and both the intermediate appellate court and the SJC affirmed.

Butler then in 2013 filed a petition for habeas corpus in federal district court, raising speedy-trial and ineffective-assistance claims under the Sixth Amendment. The petition was denied, and Butler has appealed. We affirm.

**II**

As it concerns this case, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Butler says that each standard was violated by the SJC's adjudication of his speedy-trial and ineffective-assistance claims. We review the district court's contrary decision denying habeas relief de novo. Scott v. Gelb, 810 F.3d 94, 98 (1st Cir. 2016).

As for his speedy-trial claim, Butler relies for precedent on Barker v. Wingo, 407 U.S. 514 (1972), applying the Sixth Amendment, and its progeny, principally Doggett v. United States, 505 U.S. 647 (1992). The SJC ultimately denied Butler's speedy-trial claim under both the Federal and Massachusetts Constitutions, but, because the SJC considers the standards under

- 3 -

both Constitutions to be analogous, it identified Barker and Doggett as the controlling law in setting out the considerations for determining permissible delay once the speedy-trial clock has begun to run.[1]  Accordingly, this case turns on whether the SJC's decision involves an unreasonable application of those precedents as governing the federal issue before us here.  See Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002) ("[The 'contrary to'] branch of the AEDPA standard is only marginally involved in this appeal--the state court correctly deduced that Barker constituted the controlling Supreme Court precedent--and so we do not dwell upon it.").

Barker prescribed a balancing analysis requiring four enquiries: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  407 U.S. at 530.  The SJC determined that the first factor "weigh[ed] heavily against the Commonwealth."  Com. v. Butler, 985 N.E.2d 377, 385 (Mass. 2013).  Naturally, Butler does not challenge that determination, but as we consider it for purposes of the federal claim we have to say that it overvalues the evidence in Butler's favor.

---

[1] As the SJC put it, "[a]lthough we ultimately decide this case pursuant to art. 11 of the Massachusetts Declaration of Rights, we cite Federal cases that interpret the Sixth Amendment to the United States Constitution because the analysis is analogous."  Com. v. Butler, 985 N.E.2d 377, 381 n.5 (Mass. 2013).

- 4 -

The SJC computed "over ten years" of relevant delay because it applied a rule of state constitutional law that the speedy-trial right attached and the time began to run upon issuance of the 1991 criminal complaint. Id. Under the Sixth Amendment, however, the speedy-trial right attached, and the count began, not when the complaint was issued, but when the 1999 indictment was announced.

In United States v. Marion, 404 U.S. 307, 313, 320 (1971), the Supreme Court held that the speedy-trial right attaches when a defendant is indicted, arrested, or otherwise officially accused. See also United States v. MacDonald, 456 U.S. 1, 6 (1982) (discussing Marion). In Rashad, we explained that "only a 'public accusation' animates the right to a speedy trial," 300 F.3d at 36 (quoting Marion, 404 U.S. at 321), and that, "in the absence of either an indictment or an information, 'only the actual restraints imposed by arrest and holding to answer a criminal charge' engage the speedy trial right," id. (quoting United States v. Loud Hawk, 474 U.S. 302, 310 (1986)). In Rashad, as in the instant case, a Massachusetts criminal complaint had issued years before an indictment. Id. at 30-31, 35. But because the complaint "was unaccompanied by any public accusation or act of detention," we held that the date of its issuance was "irrelevant for speedy trial purposes." Id. at 36. Although in Rashad, as in this case, the petitioner had been in custody in the period after the complaint,

- 5 -

it was on unrelated charges, id. at 35, and because he was not arrested "in connection with the same charge on which he [wa]s eventually put to trial," we held that the detention was "of no consequence," id. at 36. On the facts of Rashad, which are thus materially similar to those here, we concluded that "the date of the indictment [wa]s the starting point for the speedy trial analysis." Id. Hence, in this case, the time elapsed was not "over ten years," but four.

Butler invites us to reconsider Rashad given the SJC's explanation in his case for federal as well as state purposes that a complaint triggers the speedy-trial clock. See supra note 1. Quite apart from the constraints upon us as a subsequent panel, however, we decline, for there are good reasons in the logic of prior law for Rashad's holding that a Massachusetts criminal complaint, standing alone, is not the public, official accusation that the Sixth Amendment requires. For example, as Butler's counsel acknowledged at argument, under Massachusetts law the Commonwealth cannot proceed on a complaint alone unless the defendant waives indictment. See Mass. R. Crim. P. 3. It is thus the indictment or waiver, not the complaint, that functions as the charge necessary to commence the prosecutorial process in earnest. See Rashad, 300 F.3d at 36 n.4 ("This case does not call upon us to analyze the issue of what happens when there is no requirement that the government obtain an indictment, or when the defendant

has waived the right to proceed by indictment." (citing Mass. R. Crim. P. 3)). And this view of relevant events under Marion has commended itself to other circuits that look to something more than a criminal complaint for purposes of starting the Sixth Amendment speedy-trial clock. See, e.g., Pharm v. Hatcher, 984 F.2d 783, 785-86 (7th Cir. 1993); Favors v. Eyman, 466 F.2d 1325, 1327-28 (9th Cir. 1972).[2]

The SJC found that the second Barker criterion, the reason for the delay, "weigh[ed] only lightly against the Commonwealth." Butler, 985 N.E.2d at 385. Butler does not argue otherwise, presumably because, in finding that it was mere negligence that caused the delay, the SJC was still taxing the Commonwealth with responsibility for seven-and-a-half years of the period exceeding ten that it recognized under the state constitutional rule. With respect to the four-year period relevant under the Federal Constitution, however, the SJC acknowledged that "most of the delays were either at the defendant's request or by agreement of the defendant's counsel"; indeed, only 310 days of

_____

[2] In a Rule 28(j) letter, Butler cites Moore v. Illinois, 434 U.S. 220 (1977), Coleman v. Alabama, 399 U.S. 1 (1970), and Hamilton v. Alabama, 368 U.S. 52 (1961), to support the claim that we should look to state law to determine when the Sixth Amendment right attaches. These cases, however, do not teach that federal courts defer to state law to determine when a federal right attaches. Rather, they show that, in assessing when a federal right attaches, federal courts apply federal law to the consequences of state procedures.

those four years were attributable to the Commonwealth. Id. at 386 (citing Com. v. Butler, 864 N.E.2d 33, 39 (Mass. App. Ct. 2007)).

The SJC determined that the third consideration, the defendant's assertion of his right, "weigh[ed] slightly against [Butler]," because, other than signing the form in 1993, "he failed to make any inquiry regarding the status of his request," suggesting by his reticence that "he intended to take advantage of the government's silence or error to fly under the radar to avoid prosecution." Id. (internal quotation marks omitted). Butler protests, but this determination was not an unreasonable application of Barker. Indeed, as on the preceding points, the SJC looked more favorably on Butler's behavior than Sixth Amendment law allows. The SJC credited Butler with having asserted his right in 1993, but, as already explained, this was before his federal right had even attached. As we explained in Rashad, "a notice sent before the formal commencement of a criminal case is deemed premature (and, therefore, carries little weight) for speedy trial purposes." 300 F.3d at 39. In Rashad, as here, during the time "that elapsed between the petitioner's indictment and his trial, he never requested a prompt disposition of his case." Id.

Finally, the SJC determined that the fourth point, prejudice to the defendant, "count[ed] against [Butler]." Butler, 985 N.E.2d at 387. Butler says that, by refusing to presume

prejudice, the SJC unreasonably applied Doggett, but we think not. Doggett explained that "affirmative proof of particularized prejudice is not essential to every speedy trial claim," and that "excessive delay presumptively compromises the reliability of a trial." 505 U.S. at 655. "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria," the Court said, "its importance increases with the length of delay." Id. at 655-56. Although Doggett did not purport to set any precise length of delay either necessary or sufficient to give rise to such presumptive prejudice, the facts of the case offer a standard of comparison: the Court thought it sufficient where "[t]he lag between Doggett's indictment and arrest was 8½ years, and he would have faced trial 6 years earlier than he did but for the Government's inexcusable oversights." Id. at 657. Here, by contrast, the relevant delay was four years, only 310 days of which were attributable to the Commonwealth. Given Doggett's finding of presumptive prejudice from an inexcusable six-year delay, the case is no authority for inferring such prejudice from a chargeable delay of 310 days, and the SJC's conclusion is no unreasonable application of clear precedent in adjudicating the federal claim.

Nor can we say that the SJC's ultimate conclusion involved an unreasonable application of federal law when it held that the federal speedy-trial right had not been violated. As we

have said, if anything the SJC overvalued the first, second, and third Barker considerations in Butler's favor insofar as they concern the Sixth Amendment claim.

This summary disposes of the remaining issue in this appeal. The SJC determined that Butler's direct-appeal counsel was not ineffective for failing to make what would have amounted to a losing speedy-trial argument. Butler does not deny that his ineffective-assistance claim must rise or fall with his claim of a speedy-trial violation, and our disposition of the one thus resolves the other.

**III**

The judgment of the district court is AFFIRMED.