BOLGER, Justice, concurring. I agree with the court’s opinion that the State did not violate Sean Wright’s right to a speedy trial. But I disagree with the court’s conclusion that a prosecutor’s information is a formal charge sufficient to initiate a felony prosecution within the meaning of this constitutional guarantee. The Alaska Constitution requires a grand jury indictment to initiate a felony prosecution. Therefore, until the defendant has been arrested or indicted, we should apply the due process test to assess preindictment delay. A. Alaska Law Requires The Grand Jury To Return An Indictment To Initiate Felony Charges. The right to a speedy trial does not accrue until the defendant is arrested or formally charged.[1] A formal charge means a criminal charge that “alone gives ‘the court jurisdiction to proceed to trial.’ ”[2] For example, the filing of a criminal complaint in a felony matter generally will not trigger the defendant’s right to a speedy trial.[3] In the majority of state jurisdictions that requires a grand jury indictment to initiate felony charges,[4] the speedy trial right does not accrue until arrest or indictment, whichever comes first.[5] This is also the rule in the federal courts, where the right to a grand jury, for those accused of federal felonies is guaranteed by the Fifth Amendment.[6] As the United States Supreme Court has recognized, “when no indictment is outstanding, only the ‘actual restraints imposed by arrest and holding to answer a criminal charge ... engage the particular protections of the speedy trial' provision of the Sixth-Amendment.' ”[7] Alaska is one of the jurisdictions where an indictment is required to formally charge a criminal defendant with a felony, “In Alaska felony charges must be initiated by grand jury indictment unless the defendant waives indictment.”[8] “This requirement ensures that a group of citizens will make an independent determination about the probability of the accused’s guilt ‘before the accused suffers any of the grave inconveniences which are apt to ensue upon the return of a felony indictment.’ ”'[9] The delegates at the Alaska Constitutional Convention considéred and rejected the original Committee proposal, which would have allowed prosecutors the option of prosecuting by either information or indictment. Instead, the delegates voted in’ favor of an amendment that retained the indictment requirement, which is now enshrined- in article I, section 8.[10] Accordingly, our court rules require that a felony charge “shall be prosecuted by indictment, unless indictment, is waived.”[11] Only non-felony offenses “may be prosecuted by [either] indictment or information.”-[12] If a felony indictment is waived, then “the prosecution" shall be by information or complaint.”[13] In my opinion, the court’s analysis is incomplete because of the lack of recognition of an important qualifier: the accused’s right to a speedy trial in article I, section 11, applies only to a criminal prosecution. “In all criminal prosecutions, the accused shall have- the right to a speedy and public trial, by an impartial jury of twelve..,,”[14] This term comes into play in the court’s discussion of article I, section 8, the grand jury clause, which states in relevant part: No person shall be héld to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand'jury, except in cases arising in the armed forces in time of war or public danger. Indictment may be' waived by the accused. In that case the prosecution shall be by information.[15] The court’s opinion reasons that the statement that the indictment may be waived by “the accused” implies that a person may be an accused before an indictment.[16] But the ppinion ignores the fact that the “prosecution” itself cannot begin until the grand jury has returned an indictment or. the accused has waived the indictment. If we assume that this term has a similar meaning in these related sections, then the speedy trial right cannot attach until the formal felony prosecution begins — upon indictment or waiver.[17] • In the absence of a waiver, the information that the State filed to obtain a warrant -for Wright was inadequate to initiate his formal prosecution for felony charges and insufficient to trigger his entitlement to a speedy trial. B. The Authority The Court’s Opinion Relies Upon Is Distinguishable. The court’s opinion in the case at hand implies that we decided in Yarbor v. State that a defendant becomes formally accused upon the filing of a complaint.[18] In my opinion, this language is taken out of context. The Yarbor case establishes only that, contrary to the defendant’s argument in that case, the right to a speedy trial does not attach “when the state has acquired sufficient evidence to charge an individual with a crime.”[19] And Yarbor’s statement that “we now join our sister states in holding that the right to a speedy trial does not attach before the defendant becomes formally accused”[20] cites at least three other opinions stating or implying that a pre-indictment complaint is insufficient to trigger the speedy trial guarantee.[21] The court’s opinion relies on Commonwealth v. Butler, a Massachusetts case.[22] But the Butler court interpreted the language of article 11 of the Declaration of Rights of the Massachusetts Constitution, which is much different from the text of the speedy trial rights in the Alaska and U.S. Constitutions: Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.[23] The Butler court alluded to this difference in its analysis.[24] The language of the Massachusetts provision is concerned with prompt administration of justice generally, rather than speedy criminal trials specifically. This language could easily cover more stages than the criminal trial process, including pre-ar-rest and pre-indictment delays. In a related proceeding, the First Circuit distinguished the Butler holding as “a rule of state constitutional law” and explained on the same facts that “[ujnder the Sixth Amendment ... the speedy-trial right attached, and the count began, not when the complaint was issued, but when the 1999 indictment was announced.”[25] The First Circuit’s conclusion is more persuasive, given that Alaska’s speedy trial right closely resembles the text of the Sixth Amendment, not Massachusetts’s article 11. The court’s opinion also cites Scherling v. Superior Court for the proposition that under the California Constitution “speedy trial protections attach after a complaint has been filed.”[26] This is a correct but incomplete statement. The Scherling court goes on to clarify that the scope of that right changes based on the stage of the delay — and effectively describes a due process test when the delay occurs between the complaint and an indictment or arrest: Unlike federal law ... this state has extended the [speedy trial] right to the pre-indictment and pre-arrest stage, holding that it attaches under article I, section 15, of our Constitution after a complaint • has. been filed. But the consequence of a violation depends upon the stage at which a violation of the right occurs. The right to a speedy trial following the filing of an indictment or information and the time limitations applicable thereto are set forth by statute and a violation of the statute is presumed to be prejudicial. A violation at a prior stage depends upon a balancing of the prejudicial effect of the delay and the justification therefor.[27] For delays prior to the filing of an indictment or information, California thus applies the same test “regardless of whether [the] defendant’s claim is based on a due process analysis or a right to a speedy trial not defined by statute.”[28]. ' . Finally, the court’s opinion[29] cites People v. White for the proposition that the New York speedy trial right is. “violated if there is an excessive delay between institution of the prosecution — whether by felony information or complaint, detainer, warrant or indictment — and the trial.”[30] But like the California court in Scherling, the New York court in White recognized that the speedy trial and due process rights may sometimes merge.[31] And later decisions reinforce that in New York, “the factors utilized to determine if a defendant’s rights' have been abridged are the same'whether the right asserted is a speedy trial right or the due process right to prompt prosecution.”[32] Accordingly — and in contrast to the Alaska rule we announced in Yarbor — New York’s speedy trial right can apparently attach before arrest, information, indictment, or even a warrant or complaint— even from the time of the offense.[33] C. The Speedy Trial Clause Does Not Apply To These Circumstances. When there has been no arrest or formal charge, the application of the speedy trial clause does not promote the purposes of that provision. The speedy trial clause is intended: “(Í) to prevent’harming the defendant by a weakening’ of his case as evidence and memories of witnesses grow stale with the passage of time; (2) to prevent prolonged pre-trial incarceration; and (3) to-limit' the infliction of anxiety upon the accused because of long-standing charges.”[34] But there is nothing in the record indicating that Wright suffered any anxiety or public humiliation; indeed, he asserted that he was completely unaware that the State had obtained an arrest warrant.[35] Prior to Wright’s arrest, he obviously did not suffer from incarceration; he was moving from job to job and state to state. And Wright did not contest the trial court’s finding that he suffered no actual prejudice as a result of this delay.[36] So the purposes of the speedy trial clause do not apply to the period before Wright’s arrest, Moreover, these circumstances do not support the application of the test we generally apply to . determine, a speedy trial violation. This test considers the length of the delay, the reasons for the delay, any demand for trial by the accused, and prejudice to the defendant.[37] As the court of appeals noted, it would be unfair to consider the factor that Wright did not demand a speedy trial prior to his arrest because he was unaware that an information had been filed.[38] And even if Wright had demanded a speedy trial, the superior court would have been powerless to schedule one. A trial could not be scheduled •before Wright’s arrest because there were no charges pending in -a court with jurisdiction to bring him to trial.. The remaining factors in the speedy trial test focus on the length and reasons for the delay and the prejudice to the defendant. But we have another test that explicitly focuses on these factors — the due process test for preindictmerit delay.[39] We applied the due .process test to a case remarkably similar to Wright’s in State v. Gonzales.[40] Similar to Wright, Gonzales became aware that the authorities were investigating him for sexual abuse of his girlfriend’s ten-year-old daughter.[41] Similar to Wright, Gonzales left Alaska suddenly and did not return for many years.[42] Gonzales was not arrested until he returned to the state almost ten years later.[43] We recognized that the defendant’s flight was a reasonable basis for the State to delay a grand jury indictment.[44] We therefore concluded that the resulting preindictment delay did not violate Gonzales’s right to due process.[45] I believe the same due process analysis should apply to Sean Wright. I would reverse the court of appeals’ decision because a prosecutor’s information in a felony ease is not a formal charge for purposes of the speedy trial clause, . 5 Wayne R. Lafave, Et. Al„ Criminal Procedure § 18.1(c) (4th ed. Supp. 2016) (citing United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). . Id. (quoting People v. Martinez, 22 Cal.4th 750, 94 Cal.Rptr.2d 381, 996 P.2d 32, 41 (2000)); see also United States v. MacDonald, 456 U.S. 1, 10, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) (holding that speedy trial period did not commence because "there was no criminal prosecution pending on which [the defendant] could have been tried until the grand jury ... returned the indictment”); Martinez, 94 Cal.Rptr.2d 381, 996 P.2d at 41-42 ("[A] pleading does not constitute a 'formal charge’ for purposes of attaching the federal Constitution’s speedy trial right unless the pleading is a formal accusation upon which a defendant may be brought to trial in the court with jurisdiction over prosecution of the offenses alleged.”); State v. Gee, 298 Md. 565, 471 A.2d 712, 716 (1984) (”[T]he document consisting of a warrant of arrest and statement of charges on which the warrant is based ... is a 'formal charge’ in the contemplation of the speedy trial right when a defendant is subject to be tried on that document." (emphasis in original)). . People v. Mitchell, 356 Ill.App.3d 158, 292 Ill Dec. 230, 825 N.E.2d 1241, 1243 (2005) ("[Blither an arrest or a formal accusation — and not merely any charging instrument — is needed to start the speedy-trial clock." (emphases in original)); State v. Caffey, 438 S.W.2d 167, 171 (Mo. 1969) ("The constitutional right to a speedy trial has no application until a criminal prosecution is commenced. The constitutional provisions invoked contemplate. a pending charge and not merely a pending complaint, which represents a mere possibility that a criminal charge will be tiled." (emphasis in original)). . The 18 states that grant the right to a grand juiy to those accused of serious crimes are Alabama, Alaska, Delaware, Georgia, Kentucky, Maine, Massachusetts, Mississippi, New Hampshire, .New Jersey, New York, North Carolina, Ohio, South Carolina, Tennessee,.Texas, Virginia, and West Virginia. 4 Lafave et al., supra note 1, § 15.1(d). . See Preston v. State, 338 A.2d 562, 565 (Del. 1975) (“We hold ... that the speedy trial guarantee of the Sixth Amendment does not attach at the time of the filing of a complaint and the issuance of an arrest warrant.”); Wooten v. State, 262 Ga. 876, 426 S.E.2d 852, 855 (1993) ("The Sixth Amendment does not guarantee a right to a speedy arrest, However, an inordinate delay between the time a crime‘is committed and the time a defendant is arrested or indicted may violate due process,..." (emphases in original)); State v. Aguirre, 287 N.J.Super. 128, 670 A.2d 583, 585 (1996) (distinguishing between speedy trial right and "claims under the Due Process Clause arising from undue pre-indictment or pre-arrest delay”); State v. Allen, 269 S.C. 233, 237 S.E.2d 64, 66 (1977) ("Their right to a speedy trial attached ... at the time the arrest warrants were'served; and not .... when the warrants were issued -....”); State v. Utley, 956 S.W.2d 489, 493 (Tenn. 1997) ("Like the othér cotirts that follow the majority view, this Court -has determined that a warrant alone does not trigger speedy trial analysis; to the contrary, a formal grand jury action or the actual restraints of an arrest are required,”); Rios v. State, 718 S.W.2d 730, 732 (Tex. Crim. App. 1986) (defendant's statutory speedy trial right was not violated because although "a formal complaint was filed ..., the purpose was to secure a felony arrest warrant from a justice of the peace sitting as a magistrate, not to constitute a charging. instrument for trial of a felony offense in district court[,] ... [and]- a criminal action .., did not. commence until the indictment was filed in district court”); State v. Hinchman, 214 W.Va. 624, 591 S.E.2d 182, 187 (2003) (”[W]here there has been no arrest or indictment, the Sixth Amendment right-.to a speedy trial is not implicated!/]” .[but when] the -prosecution "may have substantially delayed the institution of criminal proceedings .., the Fifth Amendment due process standard is utilized.” (quoting State v. Drachman, 178 W.Va. 207, 358 S.E.2d 603, 627 (1987))); see also Goncalves v. Commonwealth, 404 S.W.3d 180, 199 (Ky. 2013); State v. Harper, 613 A.2d 945, 946, n.1 (Me. 1992) (first citing State v. Joubert, 603 A.2d 861, 863 (Me. 1992); and then citing State v. Cadman, 476 A.2d 1148, 1151 n.4 (Me. 1984)); State v. Philibotte, 123 N.H. 240, 459 A.2d 275, 277 (1983); State v. Pippin, 72 N.C.App. 387, 324 S.E.2d 900, 904 (1985). But see Ex parte Walker, 928 So.2d 259, 264 (Ala. 2005) ("[T]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant — whichever is earlier.(emphasis .added) (quoting Roberson v. State, 864 So.2d 379, 394 (Ala. Crim. App. 2002))); Commonwealth v. Butler, 464 Mass. 706, 985 N.E.2d 377, 383 (2013); People v. Taranovich, 37 N.Y.2d 442, 373 N.Y.S.2d 79, 335 N.E.2d 303, 306 (1975); State v. Selvage, 80 Ohio St.3d 465, 687 N.E.2d 433, 435 (1997). . See Butler v. Mitchell, 815 F.3d 87, 89 (1st Cir. 2016) ("Under the Sixth Amendment ... the - speedy-trial right attached, and the-count began, not when the complaint was issued, but when the ... indictment was announced.”); United States v. Hicks, 779 F.3d 1163, 1167 (10th Cir. 2015) (“A defendant’s constitutional right to ⅛ speedy trial 'attaches when he is arrested or indicted on federal charges, whichever comes first.’ ” (quoting United States v. Banks, 761 F.3d 1163, 1181 (10th Cir. 2014))); United States v. Claxton, 766 F.3d 280, 294 (3d Cir. 2014); United States v. Young, 657 F.3d 408, 414 (6th Cir. 2011); United States v. Jenkins-Watts, 574 F.3d 950, 966 (8th Cir. 2009); United States v. Knight, 562 F.3d 1314, 1323 (11th Cir. 2009); United States v. Uribe-Rios, 558 F.3d 347, 358 p.8 (4th Cir. 2009); United States v. Tchibassa, 452 F.3d 918, 922 (D.C. Cir. 2006); United States v. Bloom, 865 F.2d 485, 491 (2d Cir. 1989); see also Amos v. Thornton, 646 F.3d 199, 206 (5th Cir. 2011) (applying the rule that the Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first" when analyzing charges for Mississippi, an indictment state (quoting Nelson v. Hargett, 989 F.2d 847, 851 (5th Cir., 1993))). . United States v. Loud Hawk, 474 U.S. 302, 310, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (omission in original) (emphasis in original) (quoting United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). . Cameron v. State, 171 P.3d 1154, 1156 (Alaska 2007): see also Alaska Const, art. I, § 8 ("No person shall be held to answer' for .a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury...). . Cameron, 171 P.3d at 1156 (quoting State v. Gieffels, 554 P.2d 460, 465 (Alaska 1976)). . See generally 2 Proceedings of the Alaska Constitutional Convention (PACC) 1322-37 (Jan. 6, ■■1956); Alaska Const, art. I, § 8. As the sponsor of the amendment explained, there isn’t any question that each grand jury that sits returns some 'no true bills' ... [which] means that somebody has been charged with a crime by the district attorney and the district attorney ... has presented all of his evidence to the grand jury and in spite of that the grand jury has said that there is no cause to hold this man for trial, and the man has been released without going through a trial to a regular jury. Certainly under those circumstances it can’t be said that the .grand , jury serves no useful purpose. It serves a distinctly useful purpose. 2 PACC at 1327. . Alaska R. Crim. P. 7(a). . Id. . AS 12.80.020. . Alaska Const, art. I, § 11 (emphasis added); cf. United States v. MacDonald, 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) ("The Sixth Amendment provides that [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.,...’ A literal reading of the Amendment suggests that this right attaches only whéh a formal criminal charge is instituted and a criminal prosecution begins’."). . Alaska Const, art. I, § 8 (emphasis added). . Op. at 175-76. . The court’s description, of "all [the] actions and proceedings [that] may come before an indictment” is not to the contrary, See Op. at 175. These procedures do not occur until a felony defendant actually appears in court — generally after an arrest, when the defendant’s speedy trial rights have already attached. . Op. at 173 (discussing Yarbor v. State, 546 P.2d 564 (Alaska 1976)). . Yarbor, 546 P.2d at 566-67. . Id. at 567 (footnotes omitted) (citations omitted). . For instance, in People ex rel. Coca v. District Court, the court held that the right to a speedy trial was not triggered by the filing of a complaint and issuance of a warrant, 187 Colo. 280, 530 P.2d 958, 959-60 (1975) (en banc). See also State v. Lee, 110 Ariz. 357, 519 P.2d 56, 60 (1974) ("We have held that the right to a speedy trial commences at the time the accused has been held to answer by a magistrate or after an indictment has been returned." (citations omitted)); State v. Bessey, 328 A.2d 807, 817 (Me. 1974) ("We observe, first, that the right to a speedy trial does not arise until criminal prosecution has begun and a defendant has become an ‘accused.’ Pre-indictment delay does not deny a defendant’s Sixth Amendment right.” (emphasis in original)). . Op. at 176-77 (discussing Commonwealth v. Butler, 464 Mass. 706, 985 N.E.2d 377 (2013)). . Mass. Const, pt. 1, art. 11. In contrast, the Alaska and federal constitutions provide that "[i]n all criminal prosecutions, the accused shall [have or enjoy] the right to a speedy and public trial.’’ Alaska Const, art. I, § 11; U.S. Const, amend. VI. . "[A]rt. 11 does not distinguish between the types of cases ... to which the right to a speedy trial attaches; it states that the right to a speedy trial applies to '[ejvery subject of the [C]ommonwealth.’ ” Butler, 985 N.E.2d at 383 (third and fourth alterations in original). . Butler v. Mitchell, 815 F.3d 87, 89 (1st Cir. 2016). The court also rejected the defendant's invitation to apply the Butler court’s reasoning to federal law. Id. at 90. . Op. at 173 n.47 (citing Scherling v. Superior Court, 22 Cal.3d 493, 149 Cal.Rptr. 597, 585 P.2d 219, 225 (1978) (en banc)). . Scherling, 149 Cal.Rptr. 597, 585 P.2d at 225-26 (emphasis added) (footnotes omitted) (citations omitted). Under the California Constitution, "[t]he defendant in a criminal cause has the right to a speedy public trial.” Cal. Const, art. 1, § 15. . Scherling, 149 Cal.Rptr. 597, 585 P.2d at 226. . Op. at 173 n.47. . People v. White, 32 N.Y.2d 393, 345 N.Y.S.2d 513, 298 N.E.2d 659, 662 (1973)). . White, 345 N.Y.S.2d 513, 298 N.E.2d at 662 ("It may be that [the due process] doctrine has now been incorporated in the [speedy trial’ guarantee of the Sixth Amendment ... but it is only of limited analytical importance whether the right is one of a ‘speedy trial’ or of 'due process of law.’ ” (quoting People v. Winfrey, 20 N.Y.2d 138, 281 N.Y.S.2d 823, 228 N.E.2d 808, 812 (1967))). . People v. Vernace, 96 N.Y.2d 886, 730 N.Y.S.2d 778, 756 N.E.2d 66, 67 (2001) (citing People v. Staley, 41 N.Y.2d 789, 396 N.Y.S.2d 339, 364 N.E.2d 1111, 1113 (1977)); see also id. ("In this State, we have never drawn a fine distinction between due process and speedy trial standards’ when dealing with delays in prosecution.” (quoting People v. Singer, 44 N.Y.2d 241, 405 N.Y.S.2d 17, 376 N.E.2d 179, 186 (1978))). These factors are "the extent of the delay,” "the reasons for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether there is any indication that the defense has been impaired by reason, of the delay.” Id. (citing People v. Taranovich, 37 N.Y.2d 442, 373 N.Y.S.2d 79, 335 N.E.2d 303, 306 (1975)). .See Singer, 405 N.Y.S.2d 17, 376 N.E.2d at 185-86 (”[M]ore realistically, it could be said that [the defendant] was actually although not formally accused of the homicide ... when he was confronted by the police with the crime scene photographs of the dead girl; informed they ’knew’ that he did it, and went into a state of shock in response to the charge.”); Taranovich, 373 N.Y.S.2d 79, 335 N.E.2d at 307 (”[T]his defendant was not deprived of his constitutional right to a speedy trial. A one-year delay between the alleged occurrence of a crime and an indictment for a class C felony ... in and of itself does not entitle a defendant to a dismissal of the indictment....’’); People v. Wiggins, 143 A.D.3d 451, 39 N.Y.S.3d 395, 399 (2016) ("[T]he six-year delay between the shooting in 2008 and defendant’s guilty plea in 2014 was ’extraordinary.’ ”) (applying Taranovich factors), leave to appeal granted, 28 N.Y.3d 1152, 52 N.Y.S.3d 303, 74 N.E.3d 688 (2017). . Rutherford v. State, 486 P.2d 946, 947 (Alaska 1971). . The court of appeals noted that Wright "was able to live freely and openly [prior to his arrest], unaffected by the anxiety, stress, and 'public obloquy' that [felony] charges might otherwise bring.” Wright v. State, 347 P.3d 1000; 1007 (Alaska App. 2015). . Id. at 1006. . Barker v. Wingo, 407 U.S. 514, 530-32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). . Wright, 347 P.3d at 1009. . State v. Gonzales, 156 P.3d 407, 411-12 (Alaska 2007). . Under this test, "the defendant must prove both that the delay was not reasonable and that the defendant suffered actual prejudice from the delay.” Id. at 411 (footnote omitted) (citing State v. Mouser, 806 P.2d 330, 336 (Alaska App. 1991)). . Id. at 409. . Id. at 409-10. . Id. at 410. . Id. at 412-15. . Id. at 415.